{¶ 1} This is an appeal of a jury decision in the Mahoning County Court of Common Pleas in a personal injury case. Lora S. Cummins was injured when the garage door at her home fell and pinned her arm underneath it. She and her husband (jointly referred to as "Appellants") filed a complaint against the landlord, Mrs. Darla McGarry, and against Great Garage Door, Inc. ("Appellee"), the garage door repair company that recently serviced the garage door. Shortly before trial, Appellants entered into a settlement with her landlord, Mrs. McGarry. Appellants argue on appeal that Mrs. McGarry should not have been permitted to testify that she had been a defendant in this lawsuit or that she entered into a settlement agreement. The record reveals that the settlement testimony was not elicited to show bias, prejudice, or any other purpose permitted by Evid.R. 408. Thus, the introduction of the evidence constitutes reversible error. The judgment of the trial court is reversed and this case is remanded for further proceedings.
 {¶ 2} Sometime in late 1994, Appellants informed their landlord, Mrs. McGarry, that their garage door needed to be repaired. (Tr., p. 8.) Mrs. McGarry contacted Appellee to repair the garage door. (Tr., p. 9.) Mrs. McGarry decided not to repair the automatic garage door mechanism and asked Appellee to repair the door only to the extent that it could be used manually. (Tr., p. 10.) Appellee made the requested repairs. (Tr., p. 10.)
 {¶ 3} On May 22, 1995, the garage door cables broke while Mrs. Cummins was operating it, pinning her arm underneath the door and injuring her.
 {¶ 4} Appellants filed a complaint against Appellee and against Mrs. McGarry on October 27, 1999. A prior complaint on the same issue had been filed and voluntarily dismissed.
 {¶ 5} A jury trial was scheduled for February 19, 2002. Prior to trial, the parties stipulated that Mrs. McGarry was negligent and liable in tort. (Tr., p. 4.)
 {¶ 6} The day before trial began, Mrs. McGarry entered into a settlement with Appellants, in which she agreed to pay Appellants $40,000. (Tr., pp. 2, 22.) Mrs. McGarry was removed as a defendant in the case.
 {¶ 7} Immediately prior to trial, Appellants filed a written Motion in Limine to prevent the parties from presenting to the jury the fact that Mrs. McGarry had settled with Appellants. (2/19/02 Motion.) The trial judge did not fully rule on the motion prior to trial, but left the parties with an understanding that the settlement would not be discussed. (Tr., p. 14.) During trial, Appellants reasserted the motion. (Tr., p. 13.) The trial court reminded the parties that a motion in limine results in only an advisory ruling. (Tr., p. 14.) The trial court decided that Appellee's counsel could cross-examine Mrs. McGarry about the settlement. (Tr., p. 14.) Appellee's counsel indicated that the purpose of the cross-examination would be to establish Mrs. McGarry's bias. (Tr., p. 15.) The court agreed that Mrs. McGarry's testimony on direct examination opened the door for cross-examination as to bias. (Tr., p. 16.) Appellants' counsel stated his objection to the introduction of any testimony concerning the settlement, and the objection was overruled. (Tr., p. 17.)
 {¶ 8} The jury returned a verdict in favor of Appellee. On February 25, 2002, the court filed its judgment entry in favor of Appellee. Appellants filed this timely appeal on March 26, 2002. Appellants have provided a limited partial transcript of the trial as part of the record on appeal.
 {¶ 9} Appellants' first two assignments of error are interrelated and will be treated together:
 {¶ 10} "The Trial Court Erred To The Substantial Prejudice Of Plaintiffs-Appellants In Its Evidentiary Rulings Regarding The Cross-Examination Of The Released Defendant At Trial"
 {¶ 11} "The Trial Court Erred As A Matter Of Law, And To The Substantial Prejudice Of Plaintiffs-appellants, In Allowing Evidence Of An Out-Of-Court Settlement Between Plaintiffs-appellants And The Released Defendant To Be Introduced To The Jury Without First Establishing That This Evidence Of Compromise Was Admissable Pursuant To Ohio Rules Of Evidence 408 And 403(A)."
 {¶ 12} Appellants assert that Mrs. McGarry's testimony about her settlement agreement was not admissible under Evid.R. 408, which states:
 {¶ 13} "Evidence of (1) furnishing or offering or promising tofurnish, or (2) accepting or offering or promising to accept, a valuableconsideration in compromising or attempting to compromise a claim whichwas disputed as to either validity or amount, is not admissible to proveliability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion whenthe evidence is offered for another purpose, such as proving bias orprejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." (Emphasis added.)
 {¶ 14} Appellants argue that, although Evid.R. 408 allows evidence related to settlements to be introduced to prove bias or prejudice, Appellee's counsel elicited answers from Mrs. McGarry about the settlement that had nothing to do with establishing her bias. Appellee, on the other hand, contends that Mrs. McGarry's testimony about her settlement agreement showed that she was biased against Appellee, and that Evid.R. 408 allows a party to introduce evidence of a settlement agreement to show bias.
 {¶ 15} This appeal involves a trial court decision on an evidentiary matter. The admission or exclusion of evidence generally rests within the sound discretion of the trial court. Calderon v.Sharkey (1982), 70 Ohio St.2d 218, 221, 436 N.E.2d 1008. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140.
 {¶ 16} Evid.R. 408 prohibits the introduction of evidence of compromise or settlement agreements for the purpose of establishing liability for a claim or establishing the amount of the claim. The rationale for Evid.R. 408 can be traced to law found in Sherer v. Piper Yenney (1875), 26 Ohio St. 476, paragraph one of the syllabus, where the Ohio Supreme Court held: "[t]he fact that an offer to compromise the matters in dispute between the parties was made, is incompetent, either as evidence of a fact from which the liability of the party making the offer may be inferred, or as an admission of such liability."
 {¶ 17} The reasons for excluding this evidence are twofold. First, excluding such evidence encourages parties to settle their disputes. Fireman's Fund Ins. Co. v. BPS Co. (1985), 23 Ohio App.3d 56,62, 23 OBR 101, 491 N.E.2d 365. People would be very wary of entering into open and honest settlement negotiations if they knew that the negotiations would be discussed and used against them at trial.
 {¶ 18} Second, settlement negotiations are largely irrelevant to the questions concerning liability because settlements may be reached for reasons having nothing to do with liability. Schaferv. RMS Realty (2000), 138 Ohio App.3d 244, 295, 741 N.E.2d 155; 2 McCormick on Evidence (5th Ed. 1999) 183, Section 266.
 {¶ 19} Evid.R. 408 not only prohibits the parties from introducing their own settlement negotiations and agreements into evidence. It also excludes evidence of settlement agreements between a litigant and a third party nonlitigant. 2 McCormick on Evidence (5th Ed. 1999) 197, Section 266; Lewis v. Alfa Laval Separation, Inc. (1998), 128 Ohio App.3d 200,210, 714 N.E.2d 426.
 {¶ 20} Although evidence of a settlement agreement is not admissible to prove liability, it is admissible to prove that a witness is biased or to impeach a witness. Beck v. Cianchetti (1982),1 Ohio St.3d 231, 1 OBR 253, 439 N.E.2d 417. For example, bias may be shown if a witness' testimony changes after a settlement is reached.Anderson v. Skow (1997), 209 Wis.2d 337, 350, 564 N.W.2d 788. Nevertheless, even if such evidence is relevant to show bias, prejudice or for impeachment purposes, it may be excluded under Evid.R. 403(A) if its probative value is outweighed by the possibility of misleading or confusing the jury. Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 62,603 N.E.2d 1114. Evid.R. 403(A) states: "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 21} Although we have only been provided with a limited partial transcript, it is clear from the record that Appellee's purpose in questioning Mrs. McGarry was not designed to show that her settlement agreement created a bias in her testimony against Appellee. The following exchange took place between Appellee's counsel and Mrs. McGarry:
 {¶ 22} "Q. Sure. Mrs. McGarry, when this case was originally filed on December 30, 1996, you were a party — you were a named defendant in this lawsuit; weren't you?
 {¶ 23} "A. Yes, I was.
 {¶ 24} "Q. It was alleged that you were negligent for not properly maintaining the house that you rented to the Cummins; correct?
 {¶ 25} "A. It was alleged.
 {¶ 26} "Q. And then this case was dismissed in 1999; correct?
 {¶ 27} "A. That's correct.
 {¶ 28} "Q. And it was refiled February 18, 2000, and you were still a named defendant in this lawsuit; weren't you?
 {¶ 29} "A. That's correct.
 {¶ 30} "* * *
 {¶ 31} "Q. Sure. And up until yesterday, you were still a named defendant in this lawsuit; weren't you?
 {¶ 32} "A. Yeah.
 {¶ 33} "Q. And you have reached an agreement with Mr. and Mrs. Cummins that they have now voluntarily dismissed you from this lawsuit; isn't that correct?
 {¶ 34} "A. That's correct." (Tr., pp. 21-22.)
 {¶ 35} The questions posed by Appellee's counsel was crafted to produce very general answers about the settlement agreement. Appellee believes that these general answers create an inference or presumption of bias that justifies the line of questioning. Appellee is mistaken in this belief. Mrs. McGarry was no longer in an adversarial relationship with Appellee after her settlement, so we cannot infer or presume that she was automatically biased against Appellee because of the settlement. If anything, we would presume that Mrs. McGarry would be less biased against a former co-defendant after the settlement.
 {¶ 36} Although there may be instances where the very act of entering into a settlement agreement raises a clear inference of bias against a party, we do not find such a situation in the record of this case.
 {¶ 37} Furthermore, the closing arguments of Appellee's counsel contradict Appellee's argument on appeal that the questions about the settlement agreement were intended to show Mrs. McGarry's bias. Appellee's counsel made the following comments at closing argument:
 {¶ 38} "One person and one person only has the duty to make sure that door operated and operated properly. That was Darla McGarry. She was a party. Now she's not. We know why. She's made her deal with the plaintiff. The plaintiff has been compensated." (Tr. p. 104.)
 {¶ 39} The inferences that Appellee's counsel attempted to make in these comments are two inferences prohibited by Evid.R. 408, namely, that a settlement agreement equates with liability, and that the amount of a settlement agreement equates with the actual value of the injured party's loss. Mrs. McGarry's testimony also violated Evid.R. 403(A) by providing an improper inference to the jury that a settlement agreement equated with complete liability and total compensation for Appellants' claim. For these reasons, we must sustain Appellants' first and second assignments of error. We reverse the judgment of the trial court and remand this case for a new trial. Appellants' third assignment of error has become moot by our decision.
Vukovich and DeGenaro, JJ., concur.